Intercounty Development Corp. v. Commissioner.
Intercounty Development Corp. v. Commissioner
Docket No. 77830.
United States Tax Court
T.C. Memo 1961-217; 1961 Tax Ct. Memo LEXIS 129; 20 T.C.M. (CCH) 1071; T.C.M. (RIA) 61217; July 31, 1961
Michael L. Friedman, Esq., for the petitioner. Ronald S. Schacht, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in petitioner's income tax for 1955 in the amount of $7,006.16. The issues presented are: (1) whether the gain from the sale of land was properly *130 excluded by petitioner from its gross income under section 337, Internal Revenue Code of 1954; (2) whether petitioner is entitled to a bad debt deduction; and (3) whether petitioner is entitled to a deduction for travel and entertainment expenses. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner was a corporation incorporated in the State of New York in 1950 and dissolved and liquidated on July 21, 1955. Petitioner filed its final return for the period January 1, 1955, to August 31, 1955, on an accrual basis, with the director of internal revenue at Brooklyn, New York, on October 17, 1955. Petitioner's shareholders included two attorneys, a builder and a cement contractor. In 1953 petitioner acquired two parcels of land with a view to developing them and building houses thereon. On March 12, 1954, petitioner sold a piece of this property for $99,600. On its Federal income tax return for 1954 it reported that the property sold had an adjusted basis of $85,279.51 and that expenses of $10,380 were incurred in connection with the sale. The resulting profit of $3,940.49 was reported as ordinary income. On April 15, 1955, the *131 remaining land was sold for $43,000. This property had an adjusted basis at the time of the sale of $17,758.55 and petitioner incurred expenses of $3,061.80. In part payment for the property, petitioner received a purchase money mortgage which it discounted, resulting in a loss of $5,280. On its final return, petitioner reported this sale as follows: Intercounty Development Corp.
209 Sunrise Highway
Rockville Center, N. Y.
Schedule M - Item 17
Gain on Sale of Asset in Liquidation
Gross Sales Price of Land Sold
$39,938.20
Cost of Land Sold
17,758.55
Gross Profit on Sale of Land
$22,179.65
Less: Discount on Mortgage
5,280.00
Gain on Sale of Land
$16,899.65
The gain on the above sale is not recognized to the corporation under Section 337(a) I.R.C. of 1954 since it met the following qualifications: (1) The corporation adopted a plan of complete liquidation after June 22, 1954. (2) All of the assets of the corporation, less assets retained to meet claims, were distributed in complete liquidation within the 12 month period beginning on the date of the adoption of such plan. A search of the records of the director of *132 internal revenue at Brooklyn, New York, failed to reveal any record indicating that a "Return of Information Under Section 6043 of the Internal Revenue Code of 1954 To Be Filed by Corporations Within 30 Days After Adoption of Resolution or Plan of Dissolution or Complete or Partial Liquidation," Form 966, was filed by petitioner during 1955. Although petitioner's records were audited in 1956, a copy of the corporate minutes, resolutions, plan of liquidation or Form 966 was never submitted to the examining agent by petitioner. A $500 advance was paid to a superintendent employed to supervise the building work. However, he absconded with the money and did not perform any work for petitioner. Petitioner deducted the $500 as a bad debt on its 1955 return. The two attorneys used their personal cars in the course of traveling from their offices in Rockville Center to the site of the property in Bayshore, a distance of between 25 and 30 miles. Petitioner on its 1955 return deducted $500 as travel and entertainment expense. The Commissioner determined that the amount of $25,241.45, which represents the gain on the land sold in 1955, should be included in petitioner's *133 taxable income, as petitioner did not come within the purview of the provisions of section 337, Internal Revenue Code of 1954. The Commissioner also disallowed the $500 deduction for bad debts and the $500 travel and entertainment deduction for lack of substantiation. The counsel for the Commissioner at the hearing stated that the additional income from the sale of land amounts to $16,899.65 rather than $25,241.45 as stated in the statutory notice of deficiency. This reduction results from a concession by Commissioner with respect to the allowance of deductions for commission paid of $3,000, miscellaneous expenses of the sale $61.80, and a loss on the discounting of the purchase money mortgage of $5,280. Opinion The first issue is whether petitioner is entitled to exclude from gross income the gain from the sale of land in 1955 under section 337, Internal Revenue Code of 1954. [1]
*134 The Commissioner contends that petitioner did not adopt a plan of complete liquidation on or after June 22, 1954, as required by section 337(a)(1). Petitioner argues that a plan was adopted, the land was sold and all the assets distributed in complete liquidation within a 12-month period. Petitioner claims further that its corporate income tax return clearly stated the nature of the transaction and concludes that there was a substantial compliance with the statute. Whether a plan of liquidation existed is a question of fact. See Mountain Water Co. of La Crescenta, 35 T.C. 418 (1960), for a discussion of a plan of liquidation under section 337. Cf. Whitson v. Rockwood, 190 F. Supp. 478 (N.D.S.W. 1960). This Court in La Crescenta stated at page 426 that: If all the facts and circumstances indicate that the assets were in fact sold as a part of a plan to liquidate the company and the corporation in fact goes out of business and distributes its assets in complete liquidation within the 12-month period, it would seem that that purpose has been accomplished. * * * In La Crescenta we held that it was "clear from the evidence * * * that a plan of liquidation *135 was adopted." In the instant case the evidence is not clear but vague and uncertain. Petitioner's accountant testified that he advised petitioner's shareholders that if petitioner complied with the provisions of section 337, it could avoid the corporate tax on any gain realized from the sale of the land. He also testified that he indicated to them that it would be necessary to file a Form 966, as required by section 6043, if they decided to liquidate completely under section 337. One of the attorneys who owned shares of petitioner testified that the accountant's advice was followed, and a meeting was held on or about January 5, 1955, at which meeting a resolution to liquidate was adopted, and two weeks later this resolution and a Form 966 were sent to the district director. However, a search of the records of the district director failed to uncover the form. In addition, copies of the resolution and form supposedly in existence at the time were not submitted to the examining agent during an audit in 1956 because, as the testimony goes, he did not ask for them. Conversely, the examining agent testified that he did ask that they be produced but was told that they were not available. *136 All the records were destroyed according to the testimony of the attorneyshareholder in 1957 when he discontinued his law practice. The stipulated testimony of the secretary who allegedly prepared the resolution and form adds little. She recalls typing the minutes of a special meeting of the stockholders but does not recall the date. She also remembers typing a Federal form but does not remember the number or even if it was actually mailed to the district director. Petitioner's argument calls attention to the statement inserted in its corporate income tax return which it claims clearly states the nature of the transaction. We do not agree. The statement, as shown in the findings of fact, merely paraphrases the language of the statute and does not contain any specific details with respect to the adoption of a plan of liquidation. We realize that the statute does not contain any definition of a plan of liquidation and that a plan of liquidation may exist without formal corporate action. In La Crescenta we said that "to read into the statute the requirement that formal legal steps be taken would tend to defeat the purpose of the statute rather than accomplish it." See also Burnside Veneer Co. v. Commissioner, 167 F. 2d 214 *137 (C.A. 6, 1948). However, the "facts and circumstances [must] indicate that the assets were in fact sold as part of a plan to liquidate the company * * *." After considering the testimony elicited at the hearing and the evidence introduced, we are convinced that petitioner has failed to carry its burden of establishing the existence of a plan of liquidation and that "the assets were in fact sold as part of a plan to liquidate the company." Accordingly, the Commissioner's determination with respect to this issue is sustained. The second issue deals with a $500 bad debt deduction claimed by petitioner on its 1955 return. The claimed deduction emanated from an advance of $500 paid to a superintendent hired by petitioner. He never performed any work but instead "left" with the money advanced. In order to come within the ambit of section 166, Internal Revenue Code of 1954, relating to bad debt deductions, the debt must become worthless within the taxable year. There was no evidence as to when the money was advanced, that a bona fide indebtedness existed or when the "so-called" debt became worthless. It follows that the Commissioner must be sustained on this *138 issue also. The last issue deals with a deduction of $500 claimed by petitioner on its 1955 return for travel and entertainment. Petitioner states that the expense claimed was attributable to travel by the two attorneys from their office to the property site. No evidence was introduced to substantiate the expenses, and we decide this issue against the petitioner for failure to carry its burden of proof. Decision will be entered under Rule 50. Footnotes
1. SEC. 337. GAIN OR LOSS ON SALES OR EXCHANGES IN CONNECTION WITH CERTAIN LIQUIDATIONS. (a) General Rule. - If - (1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and (2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period.↩